United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUBEN C. GUZMAN,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL,<br><br>Defendant. | Case No. 18-cv-06694-SVK<br><br>**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 21, 22 |

Plaintiff appeals from the final decision of the Commissioner of Social Security denying his application for Supplemental Security Income ("SSI") disability benefits. For the reasons discussed below, the Court remands the case for further proceedings.

## I. BACKGROUND

Plaintiff filed an application for SSI disability benefits in 2014, alleging disability beginning November 12, 2014. *See* Dkt. 16 (Administrative Record ("AR")) 67, 218. An Administrative Law Judge ("ALJ") held a hearing and issued an unfavorable decision on September 7, 2017. AR 25-47. The ALJ found that Plaintiff had the following severe impairments: degenerative disc disease, degenerative joint disease of the right shoulder, diverticulitis, hepatitis C, obesity, and major depressive disorder. AR 31. The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. *Id.* The ALJ then determined that Plaintiff's residual functional capacity ("RFC") limited him to light work with additional limitations. AR 33. The ALJ concluded that Plaintiff was not disabled because, although he was unable to perform his past relevant work as a laborer, there are jobs that exist in significant numbers in the national economy that he can perform, such as swatch clerk, mail sorter, and bench assembler. AR 41, 42.

After the Appeals Council denied review, Plaintiff sought review in this Court. Dkt. 1 (Complaint). In accordance with Civil Local Rule 16-5, the parties filed cross-motions for summary judgment (Dkt. 21, 22), which are now ready for decision without oral argument.

## II. ISSUES FOR REVIEW

1. Did the ALJ properly evaluate the medical evidence?
2. Did the ALJ properly evaluate Plaintiff's credibility?
3. Is the ALJ's finding at step 5 supported by substantial evidence?

## III. STANDARD OF REVIEW

This Court is authorized to review the Commissioner's decision to deny disability benefits, but "a federal court's review of Social Security determinations is quite limited." *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015); *see also* 42 U.S.C. § 405(g). Federal courts "leave it to the ALJ to determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record." *Brown-Hunter*, 806 F.3d at 492 (internal quotation marks and citation omitted).

The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based on the application of improper legal standards. *Id*. at 492. "Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations," and this threshold is "not high." *Biestek v. Berryhill*, -- U.S. --, 139 S. Ct. 1148, 1154 (2019) (internal quotation marks, citation, and alteration omitted); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015) ("Substantial evidence" means more than a mere scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion") (internal quotation marks and citations omitted). The Court "must consider the evidence as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Rounds*, 807 F.3d at 1002 (internal quotation marks and citation omitted). Where the evidence is susceptible to more than one rational interpretation, the Court must uphold the ALJ's findings if supported by inferences reasonably drawn from the record. *Id*.

Even if the ALJ commits legal error, the ALJ's decision will be upheld if the error is harmless. *Brown-Hunter*, 806 F.3d at 492. But "[a] reviewing court may not make independent findings based on the evidence before the ALJ to conclude that the ALJ's error was harmless" and is instead "constrained to review the reasons the ALJ asserts." *Id*. (internal quotation marks and

citation omitted).

**IV.     DISCUSSION**

**A.     Issue One:  Evaluation of Medical Evidence**

Plaintiff challenges the ALJ's weighing of the medical evidence, specifically the medical opinions of examining physician Elizabeth Whelchel, Ph.D. and treating psychiatrist Nang Du, M.D.  In social security disability cases, "[t]he ALJ must consider all medical opinion evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).  Generally, the opinion of a treating physician is entitled to more weight than the opinion of an examining physician, and more weight is given to the opinion of an examining physician than a non-examining physician.  *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).  Where a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence" in the record, it must be given controlling weight.  20 C.F.R. § 404.1527(c)(2).  The ALJ must provide clear and convincing reasons, supported by substantial evidence, for rejecting the uncontradicted opinion of treating physicians.  *Ghanim*, 763 F.3d at 1160; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) (holding that ALJ can reject uncontradicted treating physician's opinion "by setting out a detailed and thorough summary of the facts and conflicting medical evidence, stating his own interpretation thereof, and making findings") (internal quotation marks and citation omitted).  Where contradicted, the opinion of treating physicians may be rejected only for "specific and legitimate reasons that are supported by substantial evidence."  *Ghanim*, 763 F.3d at 1160.

**1.     Dr. Whelchel**

The ALJ stated that he gave the opinion of examining physician Dr, Whelchel "full weight."  AR 39.  The ALJ explained that Dr. Whelchel's opinion was "consistent with the medical record." *Id.*  However, Plaintiff argues that the ALJ erred because "the ALJ's RFC finding did not accurately capture all of the moderate limitations Dr. Whelchel assessed."  Dkt. 21 at 8.  In other words, according to Plaintiff, "the ALJ erred in failing properly to translate all of the limitations Dr. Whelchel assessed into concrete restrictions in the RFC finding." *Id.* at 9.  An argument such as Plaintiff's "could be framed either as a failure to provide sufficient reasons for

3

rejecting part of an examining physician's opinion or as a failure to incorporate all relevant limitations into the RFC." *Panziera v. Berryhill,* No. 17-cv-02719-LHK, 2018 WL 278623, at *19 (N.D. Cal. Jan. 3, 2018).

Insofar as medical opinions relate to a claimant's RFC, an ALJ's RFC "that fails to take into account a claimant's limitations is defective." *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 1990). The Ninth Circuit has held that "an ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with restrictions identified in the medical testimony." *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008). However, "the Ninth Circuit and district courts in the Ninth Circuit have held that *Stubbs-Danielson* does not control in cases where the limitations relate to functional areas other than concentration, persistence, and pace, such as social functioning and attendance." *Panziera*, 2018 WL 278623, at *20.

Consistent with these principles, courts in this District have found error where the ALJ's RFC determination does not address all areas of functional limitation identified by a medical source. For example, in *Panziera*, medical providers opined that the claimant had physical limitations in her ability to lift/carry and stand/walk; limitations in maintaining concentration, persistence, or pace; epilepsy-related limitations that required her to avoid odors, extremes of temperature, stress, and magnetic devices; and social- and attendance-related limitations. 2018 WL 278623, at *19, *21. A court in this District held that although the ALJ did not err in accounting for the physical and concentration/persistence/pace limitations, the ALJ erred in addressing the epilepsy-based limitations "either because the ALJ failed to offer a specific, legitimate reason supported by substantial evidence for rejecting these limitations or because the ALJ assigned an RFC that did not include these limitations." *Id.* at *19. In addition, the ALJ erred by not accounting for the social- and attendance-related limitations in the RFC. *Id.* at *21. Similarly, in *De Bruin v. Saul*, a court in this District found error where the ALJ's RFC determination failed to adequately address, without any explanation, a medical opinion that the plaintiff would have difficulty in keeping a regular work schedule without interruptions from psychiatric symptoms. 18-cv-03802-VKD, 2019 WL 4751890, at *10 (N.D. Cal. Sep. 30, 2019).

4

Here, by contrast with *Panziera* and *De Bruin*, the ALJ's RFC determination addressed every category of limitation identified by Dr. Whelchel. *Compare* AR 600 (Whelchel opinion) with AR 33 (RFC determination). Dr. Whelchel opined that Plaintiff can manage simple and complex instructions (AR 600), and the ALJ found that Plaintiff is capable of simple, repetitive tasks and complex and detailed tasks (AR 33). Dr. Whelchel opined that Plaintiff has moderate restrictions in concentration/persistence/pace; in his ability to interact with co-workers and the public; and in his need for supervision. AR 600. The ALJ found that Plaintiff can maintain attention for two hours at a time, can occasionally interact with others, needs supervisors to remind him of work duties at least once every three months, and cannot perform work requiring high production roles, sch as those paid by the piece. AR 33. Dr. Whelchel opined that Plaintiff has moderate limitations in his ability to maintain regular attendance (AR 600), and the ALJ found that he is likely to miss work one day every three months (AR33). The ALJ supported his RFC findings with an extensive discussion of the medical record and evidence of Plaintiff's ability to perform basic daily activities. *See* AR 33-41.

Plaintiff challenges the ALJ's approach to the RFC determination, arguing that "the ALJ's translations of [moderate] limitations are not equivalent from category to category," *e.g.,* "[i]f a moderate limitations in social interaction means that Guzman can interact with each category of person only on an occasional basis (up to 1/3 of the work day), then it would be reasonable to infer that a moderate limitation in maintaining regular attendance and performing work activities on a consistent basis would mean that Guzman could do those things only on an occasional basis (up to 1/3 of the work day) as well." Dkt. 21 at 8. Plaintiff cites no legal support for the proposition that the ALJ must translate medical findings into RFC limitations in such a formulaic way.

Plaintiff has failed to demonstrate that the restrictions imposed by the ALJ failed to capture the restrictions found by Dr. Whelchel. The Court concludes that the ALJ's RFC determination adequately takes into account Dr. Whelchel's findings, to which he gave "great weight."

### 2. Dr. Du

Plaintiff also challenges the ALJ's decision to give "little weight" to the opinion of his treating psychiatrist, Dr. Du. Dr. Du, who first saw Plaintiff on April 9, 2014, completed a

5

1    medical source questionnaire on August 11, 2015 opining that Plaintiff had experienced various
2    limitations identified in the questionnaire since his brother died in 2011.  AR 621.   The ALJ
3    offered two reasons for discounting Dr. Du's opinion: (1) "Dr. Du's opinion as to when described
4    limitations first applied is based on claimant's history, with no indication that Dr. Du
5    independently reviewed medical psychological records prior to April 2014"; and (2) the form
6    Dr. Du used for his report described "moderate" symptoms as impairing effective performance of
7    tasks between 11 to 20 percent of an eight-hour workday, which was a "misleading" definition
8    because "such a limitation would preclude all work and therefore marked rather than moderate
9    (sic)".  AR 41.

10   The first reason offered by the ALJ does not justify his decision to discount Dr. Du's
11   opinion under the facts of this case.  The ALJ inferred that Dr. Du's opinion that Plaintiff's
12   limitations began in 2011 was based on Plaintiff's history.  An ALJ may properly discount a
13   doctor's assessment that is based on the claimant's own accounts of his symptoms and limitations.
14   *See Flaten v. Sec'y of Health and Human Servs.*, 44 F.3d 1453, 1463-1464 (9th Cir. 1995).
15   However, Dr. Du, as well as other practitioners at San Mateo County Behavioral Health and
16   Recovery Services, saw Plaintiff numerous times before Dr. Du completed the medical source
17   questionnaire.  *See* AR 474-585.  The ALJ fails to adequately explain why, based on this record,
18   he concluded that Dr. Du's opinion was based on Plaintiff's own accounts of his condition, rather
19   than the actual treatment of Plaintiff by Dr. Du and others in his practice.  Moreover, the ALJ's
20   conclusion that Dr. Du's opinion is deficient because of his alleged failure to review the medical
21   record prior to April 2014 is not a valid reason to discount Dr. Du's opinion.  The issue to be
22   decided by the ALJ in this case was not whether Dr. Du was correct that Plaintiff's limitations
23   began in 2011, but whether Plaintiff's alleged disability began on November 12, 2014, the alleged
24   onset date.  AR 67.  The alleged onset date was more than five months after Dr. Du began treating
25   Plaintiff and nine months before Dr. Du completed his medical source questionnaire.  The ALJ
26   failed to adequately explain how Dr. Du's alleged failure to review the pre-April 2014 medical
27   record justified rejection of his opinion regarding Plaintiff's symptoms as of the alleged onset
28   date.

The Court next considers whether the second reason identified by the ALJ, which concerned the definition of the term "moderate" in the form used by Dr. Du, is an adequate reason to discount Dr. Du's opinion. AR 41. Dr. Du opined that Plaintiff had moderate and marked limitations in a number of areas. AR 619, 620. The form Dr. Du used defined "moderate" as involving "limitations that impair the effective performance of the task incrementally for a total between 11% to 20% of an 8-hour workday or 40-hour workweek" and defined "marked" limitations as those causing impairment "for a total of more than 20% of an 8-hour work day or 40 hour workweek," AR 619. The ALJ did not explain why these definitions were inappropriate, but the Court notes that the Social Security listings regarding mental disorders state that a "moderate" limitation means that a person's functioning in an area is "fair" whereas a "marked" limitation is one that "seriously limit[s]" such functioning. App. 1 to Subpart P of Part 404, § 12.00(F)(2).

A medical source's use of a definition of "marked" impairment that differs from that used by the Social Security Administration can constitute a specific and legitimate reason for rejecting that medical source's opinion, at least if combined with other appropriate reasons. *See Gideon v. Astrue*, No. CV-08-296-JPH, 2010 WL 148387, at *4 (W.D. Wash. Jan. 12, 2010). However, Dr. Du's use of a form containing the above-described definition of "moderate" is not by itself a specific and legitimate reason for rejecting his opinion under the circumstances of this case. The ALJ did not cite any evidence that Dr. Du was in fact misled by the definition. If the ALJ was uncertain as to what Dr. Du's entries on the form meant, the ALJ had a duty to further develop the record. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) ("If the ALJ thought he needed to know the basis of [physicians'] opinions in order to evaluate them, he had a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them."). Although the ALJ might have believed that Dr. Du's opinion that Plaintiff had moderate or marked limitations, as those terms were defined in the form, was inconsistent with the medical record, the ALJ did not identify such inconsistencies in his discussion of Dr. Du's opinion.

As a result, the ALJ failed to identify specific and legitimate reasons that are supported by substantial evidence for discounting Dr. Du's opinion.

### B. Issue Two: Evaluation of Plaintiff's Credibility

Plaintiff challenges the ALJ's assessment of his credibility. Plaintiff complained of "depression, auditory hallucinations, and high blood pressure [that] prevents him from working." AR 33. The ALJ found that the claimant's medically determinable impairments could reasonably be expected to produce his alleged symptoms, and the ALJ made no finding of malingering. AR 34. The question is therefore whether the ALJ identified specific, clear and convincing reasons for his conclusion that "the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record" and that therefore "these statements have been found to affect the claimant's ability to work only to the extent they can reasonably be accepted as consistent with the objective medical and other evidence." *Id*.; *see Ghanim*, 763 F.3d at 1163 (internal quotation marks and citation omitted).

The ALJ based his credibility finding in part on an alleged inconsistency between Plaintiff's complaints and "the medical evidence." AR 34. As discussed above, the ALJ erred in his evaluation of Dr. Du's opinion, which is part of the medical evidence in this case. Accordingly, on remand the ALJ must reevaluate Plaintiff's credibility based on a proper reevaluation of the medical evidence, including Dr. Du's opinion.

### C. Issue Three: Step 5 Finding

Plaintiff argues that the ALJ erred at Step 5 of the sequential disability analysis by posing hypotheticals to the vocational expert who testified at the hearing that "omitted [Plaintiff's] credible allegations and the limitations assessed by [Plaintiff's] examining doctor, Dr. Whelchel and treating doctor, Dr. Du." Dkt. 21 at 15. The Commissioner may carry his burden at Step 5 of identifying specific jobs existing in substantial numbers in the national economy that the claimant can perform by "eliciting the testimony of a vocational expert in response to a hypothetical that sets out all the limitations and restrictions of the claimant." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

Plaintiff's assertion of error with respect to Step 5 derives from his arguments addressed above concerning the ALJ's evaluation of the medical opinions of Drs. Whelchel and Du and his

8

evaluation of the credibility of Plaintiff's pain and symptom complaints. Because, as also discussed above, the ALJ erred with respect to the evaluation of Dr. Du's opinion, thus requiring reevaluation on remand of the medical evidence and Plaintiff's credibility, on remand the ALJ must also consider whether the hypotheticals posed to the vocational expert need to be revised to correctly reflect Plaintiff's limitations and restrictions.

## V. DISPOSITION

The Social Security Act permits courts to affirm, modify, or reverse the Commissioner's decision "with or without remanding the case for a rehearing." 42 U.S.C. § 405(g); *see also Garrison v. Colvin,* 759 F.3d 995, 1019 (9th Cir. 2014). "[W]here the record has been developed fully and further administrative proceedings would serve no useful purpose, the district court should remand for an immediate award of benefits." *Benecke v. Barnhart,* 379 F.3d 587, 595 (9th Cir. 2004). However, "[r]emand for further proceedings is appropriate where there are outstanding issues that must be resolved before a disability determination can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated." *Luther v. Berryhill*, 891 F.3d 872, 877–78 (9th Cir. 2018) (citations omitted).

As discussed above, the ALJ failed to properly evaluate the medical evidence, which may have affected the ALJ's weighing of the medical evidence, his evaluation of Plaintiff's credibility, and his overall step 5 determination. As a result, remand for further proceedings is warranted.

## VI. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for summary judgment, **DENIES** Defendant's cross-motion for summary judgment, and **REMANDS** this case for further proceedings.

**SO ORDERED.**

Dated: November 26, 2019

SUSAN VAN KEULEN
United States Magistrate Judge

9